IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL AYALA, JOSE CABRERA, ANGEL ESTEFES, MIGUEL LLANAS, MARTIN LONA, JOSE LOPEZ, AND CARLOS RAMON RIVERA, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:09-cv-553-G |
| v. | § § | Jury Demanded |
| GENTER'S DETAILING INC. dba GENTER'S AUTO DETAILING INC. AND ROGER GENTER | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ON THE ISSUE OF FLSA LIABILITY**

         Respectfully submitted,

         /s/Maricela Siewczynski
         Maricela Siewczynski
         Texas Bar No. 24032753

         Siewczynski Law Firm PLLC
         6318 Gaston Avenue, Ste. 201
         Dallas, Texas 75214
         Telephone: (214) 634-9990
         Facsimile:  (214) 634-9991
         Electronic mail:  maricela@texemploymentlaw.com

         Counsel for Plaintiff

# TABLE OF CONTENTS

| | | |
|---|---|---|
| TABLE OF CONTENTS………………………………………………………………… | | ii |
| TABLE OF AUTHORITIES…………………………………………………………... | | iii |
| I. | SUMMARY…………………………………………………………………….. | 1 |
| II. | STATEMENT OF UNCONTESTED FACTS………………………………….. | 2 |
| III. | EVIDENCE IN SUPPORT OF MOTION……………………………………........ | 3 |
| IV. | STANDARD OF REVIEW……………………………………………………... | 3 |
| V. | DEFENDANTS ARE "EMPLOYERS" UNDER THE FLSA……………………. | 4 |
| VI | PLAINTIFFS ARE "NON-EXEMPT EMPLOYEES" UNDER THE FLSA…….. | 5 |
| VII. | DEFENDANTS FAILED TO PAY PLAINTIFFS ONE AND A HALF TIMES THE REGULAR RATE OF PAY…………………………………………………... | 6 |
| | A. Plaintiffs Were Entitled to Receive One and A Half Times the Regular Rate of Pay……………………………………………………………………... | 6 |
| | B. The Paycheck Stubs Establish that Defendants Failed to Pay Plaintiffs One and a Half Times the Regular Rate of Pay…………………………... | 10 |
| VIII. | DEFENDANTS CANNOT SHOW THAT THEY ACTED IN GOOD FAITH… | 12 |
| IX. | DEFENDANTS ACTED WILLFULLY………………………………………. | 14 |
| X. | PLAINTIFFS ARE ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS………………………………………………………………………… | 15 |
| XI. | CONCLUSION………………………………………………………………..... | 15 |
| CERTIFICATE OF SERVICE…………………………………………………………… | | 16 |

# TABLE OF AUTHORITIES

**CASES:**

*Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680 (1946)……………….. 11

*Bledsoe v. Wirtz*, 384 F.2d 767 (10th Cir. 1967)………………………………….. 10

*Celotex Corporation v. Catrett*, 477 U.S. 317 (1986)…………………………….. 3

*Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991)………………….. 5

*Donovan v. Grim Hotel Company*, 747 F.2d 966 (5th Cir. 1984)…………………… 4, 5

*Gagnon v. United Technisource Inc.*, No. 09-20098, 2010 U.S. App. LEXIS 10880 (5th Cir. May 27, 2010)……………………………………………………………… 6, 15

*Herman v. RSR Security Service, Ltd.*, 172 F.3d 132 (2d Cir. 1999)………………... 5

*Karr v. City of Beaumont, Texas*, 950 Fed. Supp. 1317 (E.D. Tex. 1997)………….. 10, 11

*Legoff v. Trustees of Boston University*, 23 F. Supp. 2d 120 (D. Mass. 1998)……… 14

*Little v. Liquid Air Corporation*, 37 F.3d 1069 (5th Cir. 1994)……………………... 3

*Matsushita Elec. Company v. Zenith Radio Corp*oration, 475 U.S. 574 (1986)…….. 3

*McLaughlin v. Richland Shoe Company*, 486 U.S. 128 (1988)……………………… 14

*Mireles v. Frio Foods*, 899 F.2d 1407 (5th Cir. 1990)………………………………. 15

*Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721 (5th Cir. 1961)………………… 12

*Reich v. Tiller Helicopter Service., Inc.*, 8 F.3d 1018 (5th Cir. 1993)………………. 12, 13

**REGULATIONS:**
29 C.F.R. § 778.108………………………………………………………….......  7

**RULES:**
Fed R. Civ. P. 56(c) …………………………………………………………………  3

**STATUTES:**

| | |
|---|---|
| 29 U.S.C. § 203(d)………………………………………………………… | 4 |
| 29 U.S.C. § 203(e)(1)……………………………………………………… | 5 |
| 29 U.S.C. § 207(a)(1)....................................................................................... | 4, 5, 6 |
| 29 U.S.C. § 211(c)………………………………………………………… | 10 |
| 29 U.S.C. § 216(b)………………………………………………………… | 4, 12, 15 |
| 29 U.S.C. § 260…………………………………………………………. | 12 |
| 29 U.S.C. § 516.2(a)(7)……………………………………………………. | 10 |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL AYALA, JOSE CABRERA, ANGEL ESTEFES, MIGUEL LLANAS, MARTIN LONA, JOSE LOPEZ, AND CARLOS RAMON RIVERA, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:09-cv-553-G |
| v. | § § | Jury Demanded |
| GENTER'S DETAILING INC. dba GENTER'S AUTO DETAILING INC. AND ROGER GENTER | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ON THE ISSUE OF FLSA LIABILITY**

Plaintiffs, Victor Manuel Ayala, Jose Cabrera, Angel Estefes, Miguel Llanas, Martin Lona, Jose Lopez, and Carlos Ramon River ask the Court to enter partial summary judgment on the issue of liability under the Fair Labor Standards Act and respectfully show the Court as follows:

### I. SUMMARY

Plaintiffs worked for Defendants as car washers and were paid an hourly rate for the services they provided. Plaintiffs on average worked ten hours of overtime each week and Defendants refused to pay Plaintiffs time and a half the regular rate of pay for their overtime hours.

Defendants produced documents showing that there is no factual dispute that: (1) Defendants employed Plaintiffs as non-exempt employees; (2) Plaintiffs customarily worked more than 40 hours per week; and (3) Defendants paid Plaintiffs the "regular rate" for all hours

**PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF MOTION FOR**     1
**PARTIAL SUMMARY JUDGMENT**

they worked. There is also no factual dispute that Defendants knowingly violated the FLSA because Genter's Detailing's President testified that he previously served as the President of a company with over 100 hourly employees and he paid those employees time and a half the regular rate for their overtime hours. He also testified that he knew that Plaintiffs were entitled to receive minimum wage. Therefore, Defendants cannot show that they had a good faith reason for violating the FLSA and there is no evidence to dispute that the violation was willful.

For these reasons, Plaintiffs request that the Court find as a matter of law that Defendants knowingly or with reckless disregard violated the FLSA.

## II. STATEMENT OF UNCONTESTED FACTS

Genter's Detailing provides car wash and detailing services to car dealerships and body shops in the Dallas/Fort Worth area. *See* App. 350 (Genter Depo. at 35:4-8). Roger Genter is the President of Genter's Detailing. *See* App. 339 (Genter Depo. at 3:9-11). Genter's Detailing paid Plaintiffs the same regular rate per hour, regardless of whether they worked one hour or 100 hours during the workweek. *See* App. 356 (Genter Depo. at 67:9-14). Defendants estimate that their employees worked an average of ten overtime hours per workweek. *See* App. 358 (Genter Depo. at 72:19-22). Plaintiffs also estimate that they normally they worked at least ten hours of overtime each week, if not more. *See* App. 3-4 (Ayala Aff., ¶ 4), App. 64, 66 (Cabrera Aff., ¶ 4), App. 93, 95 (Estefes Aff., ¶ 4), App. 150, 152 (Llanas Aff., ¶ 4) App. 211, 213 (Lona Aff., ¶ 4), App. 263, 264 (Lopez Aff., ¶ 4), App. 325, 327 (Rivera Aff., ¶ 4).

Plaintiffs filed this lawsuit and asserted that Genter's Detailing and its President, Roger Genter, violated the FLSA by failing to pay Plaintiffs for all hours worked and by failing to pay Plaintiffs time and half for hours worked over 40 in a workweek. [Docket No. 35.]

### III.  EVIDENCE IN SUPPORT OF MOTION

Pursuant to Local Rule 7.1(i), contemporaneously with the filing of this Motion, Plaintiffs filed the Appendix in Support of Plaintiffs' Motion for Partial Summary Judgment and rely upon the evidence included therein in support of their Motion.

### IV.  STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed R. Civ. P. 56(c); *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Plainly, Rule 56 means what it says: "judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Plaintiffs seek summary judgment on the issue of FLSA liability.  The FLSA states, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

The facts that establish Defendants' liability under the FLSA are undisputed and come largely from the deposition of Roger Genter, Genter Detailing's President, and documents produced by Defendants. The evidence establishes that there is no factual dispute that: (1) Plaintiffs regularly worked more than 40 hours each week; (2) Defendants failed to pay Plaintiffs one and a half time the regular rate of pay for all hours over 40 that they worked; and (3) Defendant knew of their obligation to pay overtime, but in order to remain competitive, they chose not to do so. Therefore, summary judgment on the issue of liability under the FLSA is proper.

## V.     DEFENDANTS ARE "EMPLOYERS" UNDER THE FLSA

An employer who fails to pay the required minimum wage or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount of liquidated damages." 29 U.S.C. § 216(b). An "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

Mr. Genter testified that he is the President of Genter's Detailing, that he has financial control over the company, and that he has check writing authority for the company. *See* App. 348, 351 (Genter Depo. at 33:9-11, 15-17, 36:17-21). Mr. Genter's status as a corporate officer makes him liable in his individual capacity under the FLSA. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984). (The overwhelming weight of authority is that a corporate officer with operational control of a corporation . . . is an employer, along with the corporation[.]"). Even if Mr. Genter does not exercise exclusive control over the day-to-day

operations of the company, he is considered an "employer" for purposes of the FLSA. *See Herman v. RSR Security Serv., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("Control may be restricted, or exercised occasionally, without removing the employment relationship from the protections of the FLSA").

Therefore, both Mr. Genter and Genter's Detailing are jointly and severally liable under the FLSA for unpaid wages. *See Donovan*, 747 F.2d at 972 (majority shareholder who "held [company's] purse strings" and guided their policies is liable under the FLSA); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991) ("The fact that a payroll bookkeeper computed hours, overtime, and commissions and a general manager handled many of the day-to-day problems associated with operation of the corporation does not preclude finding that [president] was an employer.").

## VI. PLAINTIFFS ARE "NON-EXEMPT EMPLOYEES" UNDER THE FLSA

The FLSA requires that non-exempt employees who work more than 40 hours in a workweek must be paid one and one-half times their "regular rate" of pay. 29 U.S.C. § 207(a)(1). FLSA defines "employee" to include "any individual employed by employer." 29 U.S.C. § 203(e)(1). Defendants produced W-2 tax form for each of the Plaintiffs. *See* App. 364-386. Therefore, there is no factual dispute that Plaintiffs were Defendants' employees.

The Court should also find that as a matter of law Plaintiffs are non-exempt employees because they were not employed in a bona fide administrative capacity. 29 U.S.C. § 213(a)(1); *see also Lott v. Howard Wilson Chrysler-Plymouth*, *Inc.*, 203 F.3d 326, 330-331 (5th Cir. 2000) (whether an employee qualifies under the administrative exemption is a question of law). In order to establish that Plaintiffs fall under the administrative employee exemption, Defendants must prove that: (1) Plaintiffs were compensated on a salary or fee basis, (2) Plaintiffs' primary

duty was the performance of office or nonmanual work directly related to the management or general business operations; and (3) Plaintiffs primary duty included the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a).

Mr. Genter testified that Plaintiffs were not employed in a bona fide administrative capacity. Specifically, Mr. Genter testified that Plaintiffs were entitled to receive minimum wage and that Plaintiffs received an hourly rate only for the hours they worked, not a fixed salary. *See* App. 357, 360-361 (Genter Depo. at 68:13-21, 83:14-15, 89:11-14). Mr. Genter testified that Plaintiffs did not attend management meetings. *See* App. 359 (Genter Depo. at 81:6-10). Mr. Genter also testified that Plaintiffs did not have the authority exercise independent judgment, such as hiring and firing employees or purchasing supplies for the company. *See* App. 353 (Genter Depo. at 54:11-15, 21-25). Therefore, there is no factual dispute that Plaintiffs do not qualify as exempt under the administrative employee exemption.

### VII. DEFENDANTS FAILED TO PAY PLAINTIFFS ONE AND A HALF TIMES THE REGULAR RATE OF PAY

**A.   Plaintiffs Were Entitled to Receive One and A Half Times the Regular Rate of Pay.**

The FLSA requires that employers pay non-exempt employees who work more than forty hours in a workweek one half times the "regular rate" of pay. 29 U.S.C. § 207(a)(1). The Fifth Circuit recently considered the proper definition of "regular rate" and stated:

> The 'regular rate' becomes a mathematical computation once the parties have decided on the amount of wages and the mode of payment, which is unaffected by any designation to the contrary in the wage contract. The 'regular rate' is not an arbitrary label—it is an actual fact.

*Gagnon v. United Technisource Inc.*, No. 09-20098, 2010 U.S. App. LEXIS 10880, at * 7 (5th Cir. May 27, 2010).

In *Gagnon*, the Fifth Circuit rejected the employer's attempt to avoid paying a higher overtime rate by designating a portion of the employees' wages as straight time and a portion as per diem. *See id*. The Fifth Circuit held that "the regular rate of pay cannot be left to a declaration of the parties as to what is to be treated as the regular rate for the employee; it must be drawn from what happens under the employment contract." *Id.* (citing 29 C.F.R. § 778.108).

Just as the employer unsuccessfully argued in *Gagnon*, Defendants are attempting to avoid paying the federally mandated overtime rate by designating the "regular rate" stated on the paycheck to include the base rate and overtime rate. *See* App. 355 (Genter Depo. at 66:19-24). Under the FLSA, the regular rate is unaffected by Defendants' arbitrary designation of the rate. Instead, it is a mathematical calculation based on the rate of pay that Plaintiffs actually received for the first 40 hours that they worked each week. Mr. Genter admitted that the "regular rate" stated on the paycheck stubs was the rate that Defendants paid Plaintiffs for every hour they worked. *See* App. 356-357 (Genter Depo. at 67:9-13, 68:7-12). Therefore, the "rate" indicated on the paycheck stubs is the regular rate of pay for purposes of calculating the overtime rate.

The paycheck stubs that Defendants produced, the paycheck stubs that Plaintiffs produced, and Plaintiffs' sworn testimony confirm that Defendants paid Plaintiffs the following regular rates of pay for the first 40 hours that they worked each week:

**AYALA**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 12/29/2006 | $9.00 |
| 12/30/2006 | 5/18/2007 | $10.00 |
| 5/19/2007 | 8/24/2007 | $11.00 |
| 8/25/2007 | 1/28/2009 | $12.00 |

**CABRERA**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 3/3/2006 | 1/25/2008 | $9.00 |
| 1/26/2008 | 7/24/2009 | $10.00 |
| 7/26/2009 | 8/25/2009 | $9.23 |

**ESTEFES**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 11/2/2007 | $8.00 |
| 11/3/2007 | 1/25/2008 | $9.00 |
| 1/26/2008 | 8/1/2008 | $10.00 |
| 8/2/2008 | 10/3/2008 | $9.00 |
| 10/4/2008 | 4/22/2009 | $10.00 |

**LLANAS**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 10/5/2007 | $8.00 |
| 10/6/2007 | 4/3/2009 | $9.00 |
| 4/24/2009 | 8/7/2009 | $8.30 |

**LONA**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/1/2006 | 3/24/2007 | $9.00 |
| 3/25/2007 | 12/28/2007 | Not Employed |
| 12/29/2007 | 5/16/2008 | $9.00 |
| 5/17/2008 | 10/17/2008 | $10.00 |
| 10/18/2008 | 8/2/2009 | $9.00 |

**LOPEZ**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 12/31/2008 | $12.00 |

**RIVERA**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 2/2/2008 | 4/3/2009 | $9.00 |
| 4/4/2009 | 5/1/2009 | $8.30 |

*See* App. 1-336. Based on a simple mathematical calculation, Defendants were required to pay Plaintiffs the following overtime rates for all hours over 40 that they worked each week:

**AYALA**

| Start Date | End Date | Overtime Rate |
|---|---|---|
| 10/7/2006 | 12/29/2006 | $13.50 |
| 12/30/2006 | 5/18/2007 | $15.00 |
| 5/19/2007 | 8/24/2007 | $16.50 |
| 8/25/2007 | 1/28/2009 | $18.00 |

**CABRERA**

| Start Date | End Date | Overtime Rate |
|---|---|---|
| 3/3/2006 | 1/25/2008 | $13.50 |
| 1/26/2008 | 7/24/2009 | $15.00 |
| 7/26/2009 | 8/25/2009 | $13.85 |

**ESTEFES**

| Start Date | End Date | Overtime Rate |
|---|---|---|
| 10/7/2006 | 11/2/2007 | $12.00 |
| 11/3/2007 | 1/25/2008 | $13.50 |
| 1/26/2008 | 8/1/2008 | $15.00 |
| 8/2/2008 | 10/3/2008 | $13.50 |
| 10/4/2008 | 4/22/2009 | $15.00 |

**LLANAS**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 10/5/2007 | $12.00 |
| 10/6/2007 | 4/3/2009 | $13.50 |
| 4/24/2009 | 8/7/2009 | $12.45 |

**LONA**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/1/2006 | 3/24/2007 | $13.50 |
| 3/25/2007 | 12/28/2007 | Not Employed |
| 12/29/2007 | 5/16/2008 | $13.50 |
| 5/17/2008 | 10/17/2008 | $15.00 |
| 10/18/2008 | 8/2/2009 | $13.50 |

**LOPEZ**

| Start Date | End Date | Regular Rate |
|---|---|---|
| 10/7/2006 | 12/31/2008 | $18.00 |

|  | **RIVERA** |  |
|---|---|---|
| **Start Date** | **End Date** | **Regular Rate** |
| 2/2/2008 | 4/3/2009 | $13.50 |
| 4/4/2009 | 5/1/2009 | $12.45 |

**B.     The Paycheck Stubs Establish that Defendants Failed to Pay Plaintiffs One And A Half Times the Regular Rate of Pay.**

Every employer subject to any provision of the FLSA "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions, and practices of employment maintained by him. . . ." 29 U.S.C. § 211(c), 516.2(a)(7). The duty to keep time records rests solely with the employer and failure to comply with the obligation to keep records shifts to the employer the burden of specifically and expressly rebutting the reasonable inferences drawn from employee's evidence as to the amount of time spent working. *Karr v. City of Beaumont, Tex.*, 950 Fed. Supp. 1317, 1321-1322 (E.D. Tex. 1997); *Bledsoe v. Wirtz*, 384 F.2d 767 (10th Cir. 1967).

The Supreme Court has explained that the employer bears the risk of inadequate recordkeeping when it fails to pay compensation in accordance with the FLSA:

> The solution. . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. *In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.* The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result [is] only approximate.

**PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF MOTION FOR                            10
PARTIAL SUMMARY JUDGMENT**

*Karr,* 950 Fed. Supp. at 1321 *(*quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946)).

Defendants failed to produce documents that state the number of hours that Plaintiffs worked per week. For example, Defendants have not produced Plaintiffs' time cards or work schedules. Therefore, in order to estimate the number of hours that they worked each week, Plaintiffs must rely on an incomplete set of Plaintiffs' paycheck stubs. *See* App. 1-336. These documents do not contain the number of hours worked per week, but rather, contain a total number of hours worked in a two week period. These documents also do not cover every pay period during the relevant period because Defendants failed to produce all of Plaintiffs' paycheck stubs. *See* App. 61, 88-90, 147, 208, 261, 335-336.

The paycheck stubs that have been produced indicate a number of hours that Plaintiffs worked during a two week period ("quantity"), as well as the "rate" that Defendants paid Plaintiffs for those hours. From these records, the Court can deduce that Plaintiffs customarily worked more than 80 hours during a two week period and were paid the regular rate for all hours worked. The following chart contains a sample of the paycheck stubs:

| **Plaintiff** | **Quantity** | **Rate** | **App. Reference** |
|---|---|---|---|
| Ayala | 107 | $9.00 | App. 9 |
| Ayala | 99 | $10.00 | App. 11 |
| Ayala | 100 | $11.00 | App. 20 |
| Ayala | 114 | $12.00 | App. 36 |
| Cabrera | 97 | $10.00 | App. 71 |
| Estefes | 100 | $9.00 | App. 114 |
| Estefes | 117 | $10.00 | App. 144 |
| Llanas | 98 | $9.00 | App. 162 |
| Lona | 106 | $9.00 | App. 218 |
| Lona | 114 | $10.00 | App. 230 |
| Lopez | 101 | $12.00 | App. 268 |
| Rivera | 106 | $9.00 | App. 332 |

Plaintiffs also testified that they regularly worked at least 10 hours of overtime each week. *See* App. 3-4 (Ayala Aff., ¶ 4), App. 64, 66 (Cabrera Aff., ¶ 4), App. 93, 95 (Estefes Aff., ¶ 4), App. 150, 152 (Llanas Aff., ¶ 4) App. 211, 213 (Lona Aff., ¶ 4), App. 263, 264 (Lopez Aff., ¶ 4), App. 325, 327 (Rivera Aff., ¶ 4). Mr. Genter confirmed that his employees worked an average of ten hours of overtime each week. *See* App. 358 (Genter Depo. at 72:19-22).

Defendants have failed to produce any evidence that contradicts Plaintiffs' sworn testimony, Mr. Genter's testimony, or the paycheck stubs. Therefore, there is no factual dispute that Plaintiffs worked more than 40 hours per week and were paid the regular rate of pay for all overtime hours. Plaintiffs ask the Court to find that as a matter of law they are entitled to recover wages at the rate of one and a half times the regular rate for all overtime hours they worked, even though the results are approximate.[1] *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721, 726 (5th Cir. 1961).

## VIII. DEFENDANTS CANNOT SHOW THAT THEY ACTED IN GOOD FAITH

Pre-judgment interest is unavailable to employees suing under Section 216 of the FLSA. *Reich v. Tiller Helicopter Serv., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993). Therefore, an employer who violates the FLSA shall be liable to the employee affected in the amount of their unpaid overtime compensation in an equal amount of liquidated damages. 29 U.S.C. § 216(b). The FLSA presumes that employees are entitled to liquidated damages. *Reich*, 8 F.3d at 1031.

Defendants are only entitled to a reduction or denial of liquidated damages if they show that they acted in good faith and had reasonable grounds not to pay its employees. 29 U.S.C. §

---

[1] Plaintiffs are not seeking judgment as a matter of law on the exact amount of overtime compensation that they are entitled to recover because Defendants have not produced all paycheck stubs for the entire three year statute of limitations period. Defendants assert that they are not required to produce the documents until the Court rules on their summary judgment motion on the issue of willfulness. Although Plaintiffs disagree with Defendants' assertion that Plaintiffs' paycheck stubs are not discoverable, Plaintiffs have agreed not to file a motion to compel if Defendants will produce them after the Court rules on Defendants' motion. Therefore, in the event that the Court finds that Defendants are liable under the FLSA, only the issue of the amount of damages that Plaintiffs are entitled to recover will proceed to trial.

260; *Reich*, 8 F.3d at 1031. Defendants must show both subjective good faith and objectively reasonably behavior. *Mireles v. Frio Foods*, 899 F.2d 1407, 1414 (5th Cir. 1990). If they fail to meet their burden, "the duty of the court to award liquidated damages in an amount equal to the unpaid [overtime is] ministerial, not discretionary." *Id.*

There is no dispute that Mr. Genter was aware of his legal obligation to pay his hourly employees time and a half for all overtime hours worked. Prior to starting Genter's Detailing, Mr. Genter was the President and CEO of a company with over 100 employees and he paid those employees time and a half the regular rate for all overtime hours worked. *See* App. 343-346 (Genter Depo. at 14:21-15:1, 16:19-17:3). But in the competitive car wash industry, there is an incentive to keep wages low in order to make the greatest profit because approximately 66% of Genter's Detailing's overhead is comprised of its wage expense. *See* App. 352 (Genter Depo. at 42:18-24).

Because Defendants were more concerned with keeping their overhead low, Mr. Genter never asked his lawyer or accountant whether Defendants' method of paying their employees was legal. Mr. Genter has used the same accountant since he incorporated Genter's Detailing. *See* App. 349 (Genter Depo. at 34:13-25). If he had asked either his accountant or his attorney whether he could pay his employees a regular rate higher than minimum wage instead of paying them an overtime rate, they would have told him that his method of paying his employees violated the law. That is exactly what they told him when he finally asked them after Plaintiffs filed this lawsuit. *See* App. 354 (Genter Depo. at 65:2-9). In light of Defendants' access to legal and accounting professionals, there is no reasonable excuse for their failure to inquire whether paying a higher rate than minimum wage excused them from paying an overtime rate.

### IX. DEFENDANTS ACTED WILLFULLY

The statute of limitations on a suit to recover overtime wages is extended to three years if the employer either acted knowingly or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). Reckless conduct need not rise to the level of voluntary, deliberate or intentional. *Legoff v. Trustees of Boston Univ.*, 23 F. Supp. 2d 120, 125 (D. Mass. 1998).

Mr. Genter admitted that during the time that he failed to pay Plaintiffs according to the FLSA, he knew that employees were entitled to receive a minimum hourly rate of pay. *See* App. 344-345 (Genter Depo. at 15:24-16:3). Mr. Genter also admitted that he knew that employees were entitled to receive time and a half for all hours worked over 40 during a workweek. *See* App. 347 (Genter Depo. at 19:20-24).

Mr. Genter graduated from Ohio State University with a degree in accounting. *See* App. 342 (Genter Depo. at 13:17-22). After completing his education, he successfully ran companies that employed hourly employees. In 1972, Mr. Genter incorporated Double R Vending and served as the President and CEO of the company until he sold it in 1999 for approximately $4 million. *See* App. 340-341 (Genter Depo. at 9:3-11, 11:17-25). Double R Vending employed over 200 individuals and approximately half of those employees were paid an hourly rate. *See* App. 340, 343-344 (Genter Depo. at 9:19-21, 14:21-15:1). Mr. Genter paid Double R Vending's hourly employees the federally mandated overtime rate of pay for all hours worked over 40 hours in a week. *See* 345 (Genter Depo. at 16:22-24).

Mr. Genter's failure to pay Genter's Detailing's employees in the same lawful manner than he paid Double R Vending's employees shows, at a minimum, a reckless disregard for the law. Therefore, the Court should find that Defendants willfully violated the FLSA.

## X.   PLAINTIFFS ARE ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS

The Court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b). "[R]easonable attorneys' fees and costs are penalties that *shall* be awarded to the employee." *Gagnon*, 2010 U.S. App. LEXIS 10880, at 14 (citing 29 U.S.C. § 216(b)) (emphasis added).

If the Court finds that Defendants violated the FLSA, Plaintiffs request that the Court also find that as a matter of law, they are entitled to recover all attorneys' fees and costs. Plaintiffs request the right to submit a fee application after the issue of damages is determined in order to support their award of attorneys' fees and costs.

## XI.   CONCLUSION

There is no factual dispute that Defendants paid Plaintiffs the regular rate of pay for all hours that they worked. There is also no factual dispute that Plaintiffs customarily worked more than 40 hours in a workweek. Genter's Detailing President knew that employees were entitled to receive time and a half for all hours over 40 that they worked. Therefore, as a matter of law, Plaintiffs ask the Court to find that Defendants willfully violated the FLSA. Plaintiffs also ask the Court to find that they are entitled to recover all overtime pay, liquidated damages, attorneys' fees and costs.

Respectfully submitted,

/s/Maricela Siewczynski
Maricela Siewczynski
Texas Bar No. 24032753

Siewczynski Law Firm PLLC
6318 Gaston Avenue, Ste. 201
Dallas, Texas 75214
Telephone: (214) 634-9990
Facsimile: (214) 634-9991
Electronic mail: maricela@texemploymentlaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

On June 16, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/Maricela Siewczynski
Maricela Siewczynski