UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTOR MANUEL AYALA, JOSE CABRERA, ANGEL ESTEFES, MIGUEL LLANAS, MARTIN LONA, JOSE LOPEZ, and CARLOS RAMON RIVERA,<br><br>    Plaintiffs,<br><br>v.<br><br>GENTER'S DETAILING, INC., d/b/a GENTER'S AUTO DETAILING INC., and ROGER GENTER,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.: 3:09-CV-553-G<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO ENLARGE DISCOVERY AND PRETRIAL DEADLINES AND TO CONTINUE THE TRIAL DATE AND BRIEF IN SUPPORT**

Plaintiffs, Victor Manuel Ayala, Jose Cabrera, Angel Estefes, Miguel Llanas, Martin Lona, Jose Lopez, and Carlos Ramon Rivera, ("Plaintiffs") ask the Court to deny Defendants' motion to enlarge the discovery and pretrial deadlines and extend the trial date and respectfully show the Court as follows:

## I. SUMMARY

Defendants have had adequate time to conduct discovery into matters that are relevant to Plaintiffs' FLSA claims. In response to Defendants' discovery requests, Plaintiffs have produced hundreds of paycheck stubs, copies of birth certificates, driver's license, matriculation cards, and passports. Plaintiffs have also answered questions under oath regarding whether they have ever been convicted of crimes. Plaintiffs have provided their full names, birth dates, cities of birth and all other information that Defendants need to confirm Plaintiffs' sworn testimony regarding their criminal backgrounds. There is nothing left to discover. Defendants should not be entitled

to an extension of the trial date for the sole purpose of postponing the inevitable trial on the merits of Plaintiffs' claims.

## II. PLAINTIFFS PRODUCED DOCUMENTS AND INFORMATION THAT ARE RESPONSIVE TO DEFENDANTS' DISCOVERY REQUESTS.

Defendants assert that they are entitled to an extension of the discovery period because Plaintiffs have not produced documents and information that are responsive to their discovery requests. [Docket Entry No. 74-1 at 2.] This is incorrect. Although the parties disagree regarding whether Plaintiffs' birth certificates, driver's licenses, social security information, and work authorizations are discoverable, Plaintiffs produced responsive documents. Plaintiffs have produced copies of their birth certificates, matriculation cards, passports, and driver's license. Plaintiffs also offered to file a stipulation under seal that contains additional information. [Docket Entry No. 70.] Plaintiffs also served amended responses to Interrogatories and Requests for Production. Defendants have all of the information and documents they need to cross-examine Plaintiffs at trial.

Importantly, Defendants are not intending to use any of these documents at trial because none of these documents are relevant. Defendants' Pretrial Disclosures do not list a single one of the documents that they requested as an exhibit that they may use at trial. [Docket Entry No. 80 at 2-3.] Presumably, if Defendants intended to cross-examine Plaintiffs at trial on the issue of standing [Docket Entry No. 74-1 at 2], Defendants would have included Plaintiffs' identity documents in their Pretrial Disclosures.

## III. DEFENDANTS HAVE HAD ADEQUATE TIME TO CONDUCT CRIMINAL BACKGROUND CHECKS.

Defendants have had Plaintiffs' full names and birth dates for almost four months. This is adequate time to perform a search of Plaintiffs' criminal records. Recently, Plaintiffs provided

additional information regarding their identities, even though such information is unnecessary in order to conduct a criminal background check. [See Docket Entry No. 70-1.] Plaintiffs testified under oath that they have never been convicted of crimes that are admissible under Rule 609. At some point, Defendants will simply have to accept that there are no criminal records that will be admissible at trial.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Defendants' motion to enlarge the discovery period and pretrial deadlines and continue the trial date.

Respectfully submitted,

s/Maricela Siewczynski
Maricela Siewczynski
Texas Bar No. 24032753

Siewczynski Law Firm PLLC
6318 Gaston Avenue, Ste. 201
Dallas, Texas 75214
Telephone: (214) 634-9990
Facsimile: (214) 634-9991
Electronic mail: maricela@texemploymentlaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

On August 10, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Maricela Siewczynski