**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSE LOPEZ, individually and on behalf of all others similarly situated, ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| GENTER'S DETAILING, INC., d/b/a GENTER'S AUTO DETAILING INC., ET AL., | § § § § | CIVIL ACTION NO. 3:09-CV-553-G |
| Defendants. | § § § | |

**TRIAL BRIEF REGARDING
CERTAIN OBJECTIONS TO THE PROPOSED JURY CHARGE**

Plaintiffs file this trial brief concerning certain objections to the proposed jury charge, and would respectfully show the Court as follows:

In the section of the Proposed Charge entitled "The Defendants' Contentions," appearing at page 30, the Court proposes to include the following language:

> If the defendants did not pay the plaintiffs required overtime compensation, then the defendants *acted in good faith* and had reasonable grounds why they did not pay the plaintiffs overtime compensation. The defendants met with a certified public accountant that determined that the defendants' pay practices correctly included both the regular rate and the overtime pay.

In the first paragraph of the "Verdict" form, appearing at page 33-34, the Court proposes to include the following additional language:

> The defendants claim that they did pay the plaintiffs their legally required overtime pay, or if not, that they *acted in good faith* and had reasonable grounds for not paying overtime pay.

(collectively, "Good Faith Paragraphs") (emphasis added in both paragraphs).

Plaintiffs object to inclusion of the Good Faith Paragraphs in the Proposed Charge, for two reasons. First, neither Plaintiffs nor Defendants requested such language in their proposed jury instructions. Second and of paramount importance, good faith is not a defense to a claim for liability under the Fair Labor Standards Act. *See Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998). Instead, good faith is a factor the Court considers in determining whether – in the event a jury returns a verdict awarding overtime damages – the Court will award post-verdict "liquidated" double damages. *See* 29 U.S.C.A. § 260.[1]

In *Bernard*, the Fifth Circuit discussed the then-recent passage of Section 260 to be a provision in the FLSA. *See Bernard*, 154 F.3d at 267. The court noted that the addition, for the first time, of a "good faith" defense to liquidated (doubled) damages softened an otherwise strict liability statute. *See id.* No provision of the FLSA allows a good-faith defense to liability, and no case or other authority even raises the question whether such a thing might exist. It does not.

Good faith is relevant in an FLSA case only to the issue of liquidated damages. *See Dalheim v. KDFW-TV*, 712 F. Supp. 533, 535 (N.D. Tex. 1989) (Fitzwater, J.). The award of liquidated damages is for the court and not the jury to determine; it is ministerial in nature, subject to the Section 260 exception for good faith. *Id.* The FLSA provides that an employer who violates the requirement to pay overtime compensation "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although "the language of § 216(b) is mandatory," Congress thereafter added a provision that grants the district court the

---

[1] "In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." 29 U.S.C.A. § 260.

sound discretion not to award liquidated damages if the employer shows (1) good faith and (2) reasonable grounds for believing that his act or omission was not a violation of the FLSA. *Dalheim*, 712 F. Supp at 535.

Under the statute and the case law, therefore, the jury has no role in determining whether good faith exists. Defendants' contention of acting in good faith is not applicable to any issue the jury will decide. Even more than irrelevant, the inclusion of the Good Faith Paragraphs carry a likelihood of confusing the jury to believe that Defendants' "good faith" may somehow absolve the Defendants of liability under the FLSA.

Plaintiffs believe that reference to good faith, when no such defense exists under the FLSA, would be error.[2] Accordingly, Plaintiffs ask that the Court delete the Good Faith Paragraphs from the Proposed Charge, and for such other and further relief to which Plaintiffs are entitled.

---

[2] Plaintiffs reserve the right to make, and do not waive, additional objections, if any, as submitted to the Court in writing or made on the record in open court.

Respectfully submitted,

*/s/ Maricela Moore Siewczynski*

Maricela Moore Siewczynski
Texas Bar No. 24032753
Julie E. Heath
Texas Bar No. 09348050
Jennifer N. Lewis
Texas Bar No. 24065617

**FARROW-GILLESPIE & HEATH LLP**
1700 Pacific Avenue, Suite 3700
Dallas, TX 75201
214-361-5600 (telephone)
214-203-0651 (facsimile)
maricela@fghlaw.net

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

On October 13, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Maricela Moore Siewczynski*
Maricela Moore Siewczynski