UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE LOPEZ, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.: 3:09-CV-553-G |
| GENTER'S DETAILING, INC., d/b/a § | |
| GENTER'S AUTO DETAILING INC., ET § | |
| AL., § | |
| § | |
| Defendants. § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF
JUDGMENT ON JURY VERDICT, SUBJECT TO PLAINTIFFS'
RENEWED MOTION FOR JUDGMENT AS A MATTER
OF LAW, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendants Genter's Detailing, Inc. ("GDI") and Roger Genter ("Genter") (hereinafter collectively referred to as "Defendants") and file this Response to Plaintiffs' Motion for Entry of Judgment on Jury Verdict, Subject to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support and would show this Court as follows:

**INTRODUCTION**

On October 21, 2011, Plaintiffs filed a Motion for Entry of Judgment on Jury Verdict and requested this Court enter a Judgment for the amounts awarded by the jury in the trial in the above-captioned matter.[1]  Plaintiffs also requested this Court award an additional amount equal to the jury verdict as liquidated damages pursuant to 29 U.S.C. § 216(b).  *See* Docket No. 123. For purposes of this Motion only, Defendants do not object to this Court entering a Judgment for

---

[1] Plaintiffs also filed a Renewed Motion for Judgment as a Matter of Law and requested this Court overturn the jury's verdict.  Defendants object to Plaintiffs' Renewed Motion for Judgment as a Matter of Law and will file a separate Response.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR ENTRY OF JUDGMENT**                                                                              **PAGE 1**

the amounts awarded by the jury, but Defendants met their burden to establish liquidated damages are not appropriate as Defendants (1) acted in good faith and (2) had reasonable grounds for believing the act or omission did not violate the FLSA.

## I. ARGUMENT AND AUTHORITY

The FLSA provides that an employer who violates the overtime pay requirements "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although the language of § 216(b) appears mandatory, Congress later added a provision granting district courts the sound discretion not to award liquidated damages if the employer shows (1) "that the act or omission giving rise to such action was in good faith" and (2) "that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *see Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979); *see also Hays v. Republic Steel Corp.*, 531 F.2d 1307, 1309 n. 3 (5th Cir. 1976). The purpose for the amendment "was to mitigate the harshness of the then-strict liability offense of violating Section 216." *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986). The defendant must show plain and substantial evidence of at least an honest intention to ascertain what the FLSA requires and to comply with it. *See Dalheim v. KDFW-TV*, 712 F. Supp. 533, 536 (N.D. Tex. 1989).

Defendants provided plain and substantial evidence that they acted in good faith and made an honest intention to ascertain what the FLSA required and attempted to comply with it. At trial Defendants produced the following evidence:

- Defendant Roger Genter previously owned a company for approximately thirty (30) years and used the blended rate to pay his employees time and a half for overtime;

- The parties stipulated that Defendant Roger Genter's former company paid its employees time and a half for overtime;

- Defendant Roger Genter confirmed with two (2) Certified Public Accountants that his former company paid its employees time and a half for overtime through the blended rate;

- A third Certified Public Account, Duane Fangman ("Fangman"), testified that Defendants retained him as a CPA and in August 2007 he calculated the blended rates and provided the regular rate and overtime rate to Defendants;

- Fangman testified that the blended rates provided by Defendants mathematically include both the regular rate and overtime rate when an employee works 96 hours; and

- In over thirty (30) years of owning and operating his companies, Defendant Roger Genter never received any complaints regarding overtime until this lawsuit.

This evidence establishes that Defendants acted in good faith and had reasonable grounds to believe they complied with the FLSA. The three (3) Certified Public Accountants never expressed any concern to Defendants that the blended rate violated the FLSA or any other law. Defendants relied on these professional opinions and Defendants understood their obligation to pay time and a half for overtime and believed the blended rate complied with the FLSA.

Congress adopted Section 260 with the specific intention to eliminate the automatic requirement that plaintiffs receive liquidated damages in situations such as the instant litigation. When an employer makes a good faith effort to comply with the FLSA and seeks professional advice regarding the FLSA's requirements, Congress allows the court to not penalize the employer. Defendants request this Court find that Defendants (1) acted in good faith and (2) had reasonable grounds for believing their act or omission did not violate the FLSA. For those reasons, Defendants request this Court deny Plaintiffs' request for liquidated damages. Defendants have attached as Exhibit A their proposed Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court deny Plaintiffs' Motion for Entry of Judgment and instead enter Exhibit A as the Judgment.

Respectfully submitted,

/s/ Paul W. Simon
Michael E. Coles, Lead Counsel
State Bar No. 24007025

Dustin A. Paschal
State Bar No. 24051160

Paul W. Simon
State Bar No. 24060611

**THE COLES FIRM P.C.**
4925 Greenville Ave, Suite 1250
Dallas, TX  75206
214-443-7860 (telephone)
972-692-7145 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Maricela Siewczynski

                                                            /s/ Paul W. Simon\
                                                            Paul W. Simon