UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, individually and on behalf of all others similarly situated, ET AL., | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| VS. | ) | 3:09-CV-0553-G |
| GENTER'S DETAILING, INC. d/b/a GENTER'S AUTO DETAILING INC., ET AL., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the plaintiffs' motions for judgment as a matter of law and entry of judgment on the jury verdict (docket entries 122, 123). For the reasons set forth below, the motion for judgment as a matter of law is granted, and the motion for entry of judgment on the jury verdict is denied.

# I. BACKGROUND

## A. Factual Background

This case involves a dispute concerning overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The plaintiffs, Victor Manuel Ayala

("Ayala"), Jose Cabrera ("Cabrera"), Angel Estefes ("Estefes"), Miguel Llanas ("Llanas"), Martin Lona ("Lona"), and Jose Lopez ("Lopez"), were workers who provided "make ready services at car dealerships." Plaintiff's Second Amended Complaint ("Complaint") ¶ 19 (docket entry 22). The defendants, Genter's Detailing, Inc. ("Genter's Detailing") and Roger Genter ("Genter"), employed the plaintiffs. *Id*.

While working at Genter's Detailing, the plaintiffs were paid at a fixed hourly rate for all hours worked. *Id*. That is, the plaintiffs were paid at the same rate for both regular time hours (40 hours per week and fewer) and overtime hours (more than 40 hours per week). See *id*. This rate was shown on the plaintiffs' paycheck stubs. *See* Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support ("Plaintiffs' JMOL Motion") at 4 (docket entry 122). The parties stipulated before trial the number of overtime hours worked, as well as the rates of pay shown on the plaintiffs' paycheck stubs. Supplemental Stipulations of the Parties ("Stipulations") at 1-15 (docket entry 116).

In this case, the parties dispute whether the defendants owe the plaintiffs for unpaid overtime work. The plaintiffs argue that they deserve time and one-half pay (based on the rates of pay shown on the pay stubs) for every overtime hour they worked. Complaint ¶ 20. However, the defendants argue that the rate of pay reflected on the pay stubs was a "blended rate" that incorporated both overtime and

regular time rates into a single rate. Defendants' Response to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support ("Defendants' JMOL Response") at 2 (docket entry 125). The defendants maintained that the blended rate was based on 96 hours for each two-week pay period. *Id*. For example, if a plaintiff's paycheck stub listed an hourly rate of $10.00 per hour, the defendants claimed that the actual regular rate for the plaintiff was $9.23 per hour, and the actual overtime rate was $13.85 per hour. The defendants urge that this blended rate adequately paid overtime to employees working 96 hours or less per pay period. *Id*. The defendants have admitted, however, that when employees worked more than 96 hours per pay period, even the blended rate did not adequately provide for overtime pay. *Id*.

At trial, the defendants produced evidence that, so they argue, shows that the hourly rate paid to the plaintiffs was in fact a blended rate. Defendants' Response to Plaintiffs' Motion for Entry of Judgment on Jury Verdict, Subject to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support ("Defendants' Entry of Judgment Response") at 3 (docket entry 124). First, defendants offered evidence that Genter previously owned a company that used the blended rate, and that this practice was confirmed by two certified public accountants ("CPA"). *Id*. Second, the parties stipulated that Genter's former company paid its employees time and one-half for overtime. *Id*. Third, Duane Fangman, a CPA,

testified at trial that the defendants "retained him as a CPA and in August 2007 he calculated the blended rates and provided the regular rate and overtime rate" to the defendants. *Id*. Fangman also testified that the "blended rates provided by [the defendants] mathematically include both the regular rate and overtime rate when an employee works 96 hours." *Id*. Finally, Genter stated that "[i]n over [thirty] years of owning and operating his companies, [Genter] never received any complaints regarding overtime until this lawsuit." *Id*.

B. Procedural Background

The court called this case to trial on October 11, 2011. Plaintiffs' JMOL Motion at 1. After the defendants rested, but before the case was submitted to the jury, the plaintiffs timely moved for judgment as a matter of law under FEDERAL RULE OF CIVIL PROCEDURE 50(a). *Id*. This court denied the motion. *Id.*

On October 14, 2011, this case was submitted to the jury. *Id*. On the same day, the jury returned a verdict for the plaintiffs on the issue of liability. Verdict at 32 (docket entry 121). The jury awarded damages to the plaintiffs, but in a lesser amount than the plaintiffs had requested.[*] Plaintiffs' JMOL Motion at 1. In that verdict, "it appears the jury paid [the plaintiffs] only for hours over 96 hours in a pay period." Defendants' JMOL Response at 2.

[*] The jury awarded the following damages to the plaintiffs: Ayala: $182; Cabrera: $1747; Estefes: $2012; Llanas: $246; Lona: $1484; Lopez: $3066.

After the verdict, the plaintiffs renewed their motion for judgment as a matter of law under FEDERAL RULE OF CIVIL PROCEDURE 50(b). Plaintiffs' JMOL Motion at 1. The plaintiffs also have moved for entry of judgment on the jury verdict, subject to its renewed motion for judgment as a matter of law. Plaintiffs' Motion for Entry of Judgment on Jury Verdict, Subject to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support ("Plaintiffs' Entry of Judgment Motion") at 1 (docket entry 123).

## II. ANALYSIS

### A. Motion for Judgment as a Matter of Law

Judgment as a matter of law is proper where "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [the] issue." FEDERAL RULE OF CIVIL PROCEDURE 50(a)(1). The court must review all of the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Judgment as a matter of law should be granted only "if the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corporation*, 284 F.3d 625, 630 (5th Cir. 2002). Therefore, "a jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *International Insurance*

*Company v. RSR Corporation*, 426 F.3d 281, 296 (5th Cir. 2005) (internal quotations omitted).

B. The "Regular Rate" and the FLSA

1. *Legal Standard*

Under the FLSA, an employer must pay overtime to non-exempt employees who work more than 40 hours in a week. 29 U.S.C. § 207(a)(1). Overtime is calculated by multiplying the hours worked by the employee over 40 with "a rate not less than one and one-half times the regular rate at which he is employed." *Id*. The "regular rate" is the hourly rate an employee receives "[i]f the employee is employed solely on the basis of a single hourly rate." 29 C.F.R. § 778.110(a). The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. The maximum hours to be used in this calculation is 40 hours. 29 U.S.C. § 207(a)(1); *see also* Verdict at 29 ("The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.").

"Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts." 29 C.F.R. § 778.108. Moreover, the "regular

rate of pay cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract." *Id*. And in two cases, the Supreme Court has held that an hourly rate that blended both regular and overtime rates would not satisfy the requirements of the FLSA. See *Walling v. Helmerich & Payne*, 323 U.S. 37 (1944); *149 Madison Avenue Corporation v. Asselta*, 331 U.S. 199 (1947).

In *149 Madison*, the Supreme Court held that the phrase "regular rate" means "the hourly rate actually paid for the normal, non-overtime workweek." 331 U.S. at 204. In that case, the defendants proposed a blended rate theory, which involved one hourly rate that supposedly included overtime and regular time pay. *Id.* at 205. The Court looked to whether the blended rate was applied consistently regardless of the number of hours actually worked in a week, and how the plan worked in operation. *Id.* at 205, 207. The Court noted that part-time workers, who worked less than 40 hours a week, were paid a rate similar to the full-time workers, even though the rate of the full-time workers supposedly included both regular and overtime pay. *Id.* at 205. Additionally, the employer paid the blended rate, which supposedly included overtime payments, even when the employee failed to meet overtime requirements. *Id.* The Court found that "the payment of 'overtime' compensation for non-overtime work raises strong doubt as to the integrity of the hourly rate upon the basis of which the 'overtime' compensation is calculated." *Id.* As a result, the Court held that the

blended rate system used by the employer failed to satisfy the requirements of the FLSA. *Id.* at 210.

Likewise, in *Walling*, the Court held that the calculation and use of a "fictitious regular rate consisting of a figure somewhat lower than the rate actually received" did not comply with the FLSA. 323 U.S. at 41. This rate was not derived "from the actual hours and wages but from ingenious mathematical manipulations" designed to prevent compliance with the FLSA. *Id.* The Court held the use of fictitious regular rates "would exalt ingenuity over realty and would open the door to insidious disregard of the rights protected by the [FLSA]." *Id.* at 42.

2. *Application*

In this case, it is clear that the "regular rate" paid to the plaintiffs was the rate listed on their paycheck stubs. This is because it was the rate that the plaintiffs were paid for the first 40 hours they worked each week. *See* 29 C.F.R. § 778.109. Therefore, the defendants were required by the FLSA to pay at least time and one-half (based on this regular rate) for all overtime hours worked. Because the defendants failed to pay time and one-half, they are liable to the plaintiffs for all of the damages requested.

The defendants claim that the rates listed on the plaintiffs' paycheck stubs are in fact a blended rate, and that the "regular rate" is a somewhat lower than the blended rate amount. However, the plaintiffs never paid any amount to any

employee using the alleged real regular rate. This is true whether the plaintiff worked significantly more or significantly less than 40 hours per week. At trial, the parties disputed whether or not the defendants had ever told the plaintiffs that they were being paid via a blended rate. However, because the FLSA expressly states how to calculate the regular rate, this factual dispute is irrelevant to the outcome of the case. Determining the regular rate is a "matter of mathematical computation," and "cannot be left to a declaration by the parties." *See* 29 C.F.R. § 778.108. Moreover, when faced with similar situations, the Supreme Court rejected a blended rate scheme to preserve the rights protected by the FLSA. See *Walling*, 323 U.S. at 39; *149 Madison Avenue*, 331 U.S. at 199.

It appears that the jury awarded damages to the plaintiffs only when they worked more than 16 overtime hours in a two-week pay period. *See* Verdict at 33; *see also* Defendants' JMOL Response at 2. This is erroneous as a matter of law. The plaintiffs should have been paid overtime for all overtime hours worked. Therefore, the plaintiffs are entitled to their requested damages.

C. Liquidated Damages

1. *Legal Standard*

If an employer has violated the FLSA and owes unpaid overtime wages to employees, the employer "shall be liable . . . in an additional equal amount as liquidated damages." 29 U.S.C. § 216. However, the district court has "sound

discretion not to award liquidated damages if the employer shows (1) 'that the act or omission giving rise to such action was in good faith' and (2) 'that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Dalheim v. KDFW-TV*, 712 F. Supp. 533, 536 (N.D. Tex. 1989) (Fitzwater, J.) (*quoting* 29 U.S.C. § 260).  The burden under Section 260 "is a difficult one to meet; 'double damages are the norm, single damages the exception.'" *Id*. at 536 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979)).

In *Dalheim*, the district court did not award the plaintiff liquidated damages when the defendant had been previously investigated by the Department of Labor and had obtained a finding of "no violations" and a "clean bill of health" in regards to its policies and practices.  *Id.* at 540.  When trying to determine whether their practices were in compliance three years after the DOL investigation, the defendants in *Dalheim* "requested the opinion of labor counsel, who devoted extensive research to the question" before the labor counsel offered a legal opinion that the defendants did comply.  *Id.* at 539.  Additionally, the *Dalheim* court noted that the issues presented to the employer were "of first impression that involved an interpretation of agency regulations promulgated in the infancy of [the industry involved]." *Id.* at 540.

In addition, employers have an independent obligation to understand their responsibilities under federal law.  In *Barcellona*, the court made no exception for a first-time business owner who was simply unaware of his responsibilities.  597 F.2d at

468. "Even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws." *Id.* at 469.

Finally, the fact that an employer did not receive complaints regarding overtime does not support an argument of good faith. *Martinez v. Food City, Inc.*, 658 F.2d 369, 376 (5th Cir. 1981).

2. *Application*

The defendants argue that they have met their burden to establish good faith and a reasonable belief that they were complying with the FLSA. Defendants Entry of Judgment Response at 2. In particular, the defendants argue that their experience with prior businesses, their conversations with three CPAs (including Duane Fangman), and the lack of complaints the defendants received show that they acted in good faith and had reasonable grounds for believing that they were in compliance with the FLSA. *Id*. at 3. However, this court concludes that the defendants have not met the heavy burden imposed by Section 260.

First, defendants cannot credibly argue that they acted in good faith when they admit that the blended rate system was never designed to adequately pay overtime for hours worked in excess of 96 per pay period. Moreover, while the defendants claim working over 96 hours in a pay period was "on limited occasions," this does not seem to have been the case. *Id.* For example, Mr. Lopez worked more than 96 hours

during 45 of the 46 pay periods at issue in his case. Jury Charge at 21-23 (docket entry 120). And each plaintiff worked more than 96 hours in at least one pay period. *Id.* at 9-23.

      Second, the defendants' consultations with certified public accountants were not enough for the defendants to develop a reasonable belief that they were in compliance with the FLSA. An employer can fulfil the reasonable belief requirement in part by relying on a lawyer's advice, after that lawyer has done extensive research and analysis. See *Dalheim*, 712 F. Supp. at 539. However, Genter admitted at trial that he never consulted an attorney or the Department of Labor, and he never did any personal research into his obligations under the law. Of the three CPAs whom the defendant allegedly did consult, only Duane Fangman testified at trial. Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment on Jury Verdict, Subject to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support at 2 (docket entry 126). In his testimony, Fangman stated that he never expressed any opinion as to whether the blended rate scheme was in compliance with the FLSA or any other law. *See* Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Entry of Judgment on Jury Verdict, Subject to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, and Brief in Support ("Plaintiff's Entry of Judgment Reply") at 3 (docket entry 126) ("Mr. Fangman . . . testified that he was asked to perform a mechanical computation only; that he was never asked for

an opinion on the legality of Defendants' overtime scheme; and that he was unaware of the purpose of the calculation he did perform.").

Finally, the fact that allegedly no employee ever complained to the defendants about their overtime pay practices, either in the defendants' former or current businesses, is irrelevant as to the matter of good faith. See *Martinez*, 658 F.2d at 376.

III. CONCLUSION

For the reasons stated above, the plaintiffs' motion for judgment as a matter of law is **GRANTED**, and the plaintiffs' motion for entry of judgment on the jury verdict is **DENIED** as moot. Within ten days of this date, counsel for the plaintiffs shall submit a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

November 21, 2011.

**A. JOE FISH**
**Senior United States District Judge**