**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE LOPEZ, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:09-CV-00553-G (BF)** |
| | § | |
| **GENTER'S DETAILING, INC., d/b/a** | § | |
| **GENTER'S AUTO DETAILING INC.,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Orders of Reference, Plaintiff's Application for Award of Attorney's Fees and Reimbursement of Costs and Brief in Support (doc. 131, "Application"), filed on December 15, 2011, was referred to the United States Magistrate Judge. After careful consideration of the Application, its supplement, response and reply, the Court recommends that the District Court **GRANT** the Application, in part, and **DENY** the Application, in part.

## Background

Plaintiffs brought this action pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act to recover unpaid overtime wages. Plaintiffs' collective action originally consisted of nine plaintiffs and an additional claim of retaliation. However, Plaintiffs voluntarily dismissed their retaliation claim and the Court dismissed three of the plaintiffs, either through settlement or otherwise. The remaining six Plaintiffs were Victor Manuel Ayala Juarez, Jose Eulalio Cabrera Hernandez, Angel Estefes Padilla, Miguel Angel Llanas Martinez, Bibiano Martin Lona Lira, and Jose Alfredo Lopez Rodriguez ("Plaintiffs"). After a three-day jury trial, Plaintiffs were successful on their unpaid overtime wages claim and the jury returned a verdict in their favor for

$8,737.00.  Plaintiffs filed a Motion for Judgment as a Matter of Law, and the District Court overturned the jury's verdict and awarded Plaintiffs $56,970.00.  Essentially, in the District Court's Final Judgment, each plaintiff was awarded actual damages plus liquidated damages together with reasonable attorney's fees and court costs.  (*See* Doc. 129.)  Plaintiffs were, thus, ultimately awarded the exact amount of damages as they requested.

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs timely filed their application for attorney's fees that is now before this Court.  In the Application, Plaintiffs request to be awarded $123,154.00 in attorney's fees plus an enhancement in a multiplier of 1.5 of the lodestar amount.  (*See* Doc. 131.)  Additionally, Plaintiffs seek costs in the amount of $4,119.42 and additional expenses in the amount of $317.32.  Subsequent to filing their Application, Plaintiffs filed a Supplemental Application for Award of Attorney's Fees (doc. 136), acknowledging an error in their previous calculation of attorney's fees and amending their request to an award of $121,617.00, plus the enhancement.

## Analysis

The Fifth Circuit has adopted the "lodestar" method for calculating attorney's fees.  *See Graves v. Varnes*, 700 F.2d 220, 223 (5th Cir. 1983) (citations omitted).  The lodestar amount is determined by multiplying the number of hours *reasonably* spent on the litigation by a reasonable hourly rate.  *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002) (quoting *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)) (emphasis added).  The lodestar amount may be adjusted based on the factors set out in  *Johnson v. Georgia*

2

*Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) ("the *Johnson* factors").[1]

The court's first step in calculating the amount of a reasonable attorney fee is to "determin[e] the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) ("*Shipes II*"). When the documentation of hours is not adequate, the court may reduce the number of compensable hours. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may also exclude any hours that it determines "are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Next, the court "must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes II*, 987 F.2d at 319. The court then multiplies the number of compensable hours by the selected hourly rate to produce the lodestar amount. *Id.*; *see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999) (citing *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997)). The burden to substantiate both the requested hours and the hourly rates rests upon the movant. *Hensley*, 461 U.S. at 437. Once the lodestar has been determined, the court may adjust it upward or downward, if the *Johnson* factors not "already considered in calculating the lodestar" warrant such an adjustment. *Shipes II*, 987 F.2d at 320 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1980). However, the lodestar is presumptively

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19.

reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993), *on remand*, 852 F. Supp. 542 (S.D. Miss. 1994), *aff'd*, 49 F.3d 728 (5th Cir. 1995) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), *on remand*, 976 F.2d 801 (2d Cir. 1991)).

Defendants do not question Plaintiffs' status as the prevailing party, but instead contend: (1) Plaintiffs' affidavit is false and unreliable; (2) Plaintiffs' affidavit fails to properly deduct for dismissed plaintiffs and claims; (3) Plaintiffs' affidavit does not include only hours reasonably spent; (4) Attorney Farrow-Gillespie's hourly rate is unreasonable; and (5) Plaintiffs failed to establish a right to a lodestar multiplier. (Defs.' Resp. at 3-8.)

**Whether Plaintiffs' Affidavit is False and Unreliable**

For their first contention, Defendants request this Court to reduce Plaintiffs' request for attorney's fees by 33%, or in the alternative, require Plaintiffs to re-submit an affidavit with accurate calculations. (Defs.' Resp. at 3.) Defendants argue that Plaintiffs' affidavit is false and unreliable because Plaintiff's attorney, Julie Heath, stated that she made reductions for 63 hours, but some of those hours were still charged and included in the overall fee request. (*Id.*) In her affidavit, Ms. Heath stated that she found 63 hours to be "unproductive, excessive, or redundant", and thus she wrote off those hours and did not include them in her overall fee calculation. (Pls.' App. at 007.) However, as Defendants point out, in some of those time entries where she indicated a 100% reduction, Plaintiffs still charged the full amount. (*See id.* at 009.)

On the same date that Defendants filed their response, Plaintiffs filed a Supplemental Application for Award of Attorney's Fees (doc. 136.) In that supplement, Plaintiffs indicated that Defendants informed them of those errors in their billing records. (Pls.' Supplement at 1-2.)

Plaintiffs also conceded that they made a clerical error and had since corrected such error.  (*Id.* at 2.)  Thus, Plaintiffs deducted an amount of $1,537.00 from their previous request, and amended their attorney fee award request to $121,617.00.  (*Id.*)  Additionally, Ms. Heath included another affidavit, wherein she indicated that she went through all of the time entries that included reductions to ensure their accuracy.  (*Id.* at Supplemental Declaration of Julie E. Heath.)  The Court finds that a clerical error was made and Plaintiffs' actions were sufficient to correct the error and render Plaintiffs' affidavit reliable.

**Whether Plaintiffs' Affidavit Fails to Properly Deduct for Dismissed Plaintiffs and Claims**

Next, Defendants contend that Plaintiffs were required to deduct hours for the dismissed plaintiffs and the dismissed claim, and they failed to do so.  (Defs.' Resp.at 4.)  Further, Defendants argue that the deductions that Plaintiffs did make were not rationally related to the work performed for the dismissed plaintiffs and claim.  (*Id.*)  Defendants then request that the Court make deductions in specified time entries in Plaintiffs' Appendix.  (*Id.* at 5-6.)

In support of its argument, Defendants cite to the *Hensley* case which held that a prevailing party is not entitled to attorney's fees on an unsuccessful claim unless that claim involves common facts or related legal theories as another successful claim.  *See Hensley,* 461 U.S. at 434.[2]  However, Defendants do not argue that Plaintiffs are attempting to recover attorney's fees for work on an unsuccessful claim.  Plaintiffs voluntarily dismissed their retaliation claim well before the case went to trial, and none of the entries Defendants specified

---

[2]  Defendants also cite to *Louisiana Power & Light Co. v. Kellstrom,* which upheld the holding in the *Hensley* case by stating that hours devoted solely to claims against other parties were only recoverable if the claims shared common facts or related legal theories with the claims of the prevailing parties.  *See* 50 F.3d 319, 327 (5th Cir. 1995).

in their response relate solely to that claim. Instead, Defendants focus their argument on the work done for the dismissed plaintiffs. The *Hensley* case is inapplicable here.

In *Williams v. Kaufman County,* the court held that the plaintiffs, as prevailing parties, were allowed to collect attorney's fees for their work done on the identical claims of settling parties. 2003 WL 21755913 at *7 (N.D. Tex. July 30, 2003). The court explained that the legal work performed on the identical claims of the settling parties was "inextricably intertwined" with the prevailing plaintiffs' claims, and thus recoverable. *Id.* The court stated that "[e]ven work attributable to the case of one of the settling parties, such as attendance at depositions, inured to the benefit of Plaintiffs as the case proceeded to trial, providing Plaintiffs' attorney with necessary witness statements and evidence." *Id.*

This Court has reviewed all of the time entries in Plaintiffs' appendix for which Defendants seek a reduction in costs. All of the Plaintiffs, both dismissed and prevailing, had the identical claim of unpaid overtime wages. The Court finds that the work done in these time entries for the dismissed plaintiffs was "inextricably intertwined" with the work done for the prevailing Plaintiffs, and thus is recoverable. *See Williams,* 2003 WL 21755913 at *7. Plaintiffs were not required to make reductions in those time entries. Accordingly, this Court will not make any reductions either.

**Whether Plaintiffs' Affidavit Includes Only Hours Reasonably Spent**

Defendants also claim that some of the time entries in Plaintiffs' appendix contain hours of unnecessary work, and therefore request this Court to make reductions in those entries. (Defs.' Resp. at 6.)

As previously stated, the court's first step in calculating the amount of a reasonable

attorney fee is to "determin[e] the compensable hours from the attorneys' time records, including only hours reasonably spent."   *Shipes II*, 987 F.2d at 319.   When the documentation of hours is not adequate, the court may reduce the number of compensable hours.   *Hensley*, 461 U.S. at 433. The court may also exclude any hours that it determines "are excessive, redundant, or otherwise unnecessary."   *Id.* at 434.

This Court has reviewed the three disputed time entries in Plaintiffs' appendix and is in agreement with Defendants that Plaintiffs cannot recover fees for time spent assisting a non-party amicus.   Thus, the Court determines that two of those time entries, where Plaintiffs indicated hours spent conferring with Bill Beardall of the UT Law Center Transnational Worker Rights Clinic, shall not be recoverable because those hours constituted unnecessary work.   *See id.*   The Court will, therefore, deduct 2.1 hours from Maricela Moore's time on May 15, 2010 and 1.5 hours from her time on July 23, 2010.   (*See* Pls.' App. at 011-012.)   The amount of attorney's fees will be reduced by $609.00 plus $435.00 for a total of $1,044.00.   The Court finds that the other disputed time entry for work performed on a motion for default judgment was necessary work and is recoverable by Plaintiffs.

**Whether Attorney Farrow-Gillespie's Hourly Rate is Unreasonable**

Defendants also dispute the hourly rate for attorney Liza Farrow-Gillespie, claiming that it is unreasonable.   (Defs.' Resp. at 7.)   Defendants do not challenge Ms. Farrow-Gillespie's competence, her years of experience, or her knowledge of federal court procedures, but instead challenge the type of work she performed.   (*See id.*)   Defendants argue that because Ms. Farrow-Gillespie charged for legal research conducted, and legal research is typically completed by young associates, Ms. Farrow-Gillespie should only receive the hourly compensation

comparable to a young associate.  (*Id.*)  The Court finds this argument lacks merit.

Ms. Farrow-Gillespie is a partner at Plaintiffs' law firm, Farrow-Gillespie & Heath LLP. (Pls.' App. at 006.)  She has been practicing law for approximately twenty years, and she is authorized to practice law in all of the Texas state courts and in the United States District Court for the Northern District of Texas.  (*Id.*)  Ms. Farrow-Gillespie is a former law clerk to Judge Barefoot Sanders and graduated from the University of Texas in 1992, with honors.  (*Id.*)  The Court finds her $300.00 hourly rate to be reasonable and consistent with those fees charged by attorneys with comparable experience in the Dallas area.

**Whether Plaintiffs Failed to Establish a Right to a Lodestar Multiplier**

In their Application, Plaintiffs request this Court to award an enhancement in a multiplier of 1.5 of the lodestar amount based on the *Johnson* factors.  (Pls.' Appl. at 6.)  Defendants contend that Plaintiffs failed to establish a right to a multiplier based on the *Johnson* factors. (Defs.' Resp. at 7.)  Defendants argue that Plaintiffs used the following factors as a basis for their lodestar amount, and thus, cannot use them again as a basis for the multiplier: (1) time and labor required; (2) novelty and difficulty of questions; (3) skill required; (4) customary fee; (5) whether the fee is fixed or contingent; (6) amount involved and results obtained; (7) experience, reputation, and ability of attorneys; and (8) awards in similar cases.  (*Id.* at 7-8.)  This Court agrees.

In the Fifth Circuit, once the lodestar has been determined, the court may adjust it upward or downward, if the *Johnson* factors[3] not "already considered in calculating the lodestar"

---

[3]  Again, the *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6)

warrant such an adjustment.  *Shipes II*, 987 F.2d at 320 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1980).

To calculate the lodestar amount, Plaintiffs attached an appendix to their Application, which consisted of an affidavit of Julie E. Heath and calculations of the work performed, the hours spent, and the associated fees for the various attorneys.  (*See* Pls.' App.)  The first factor, time and labor required, was clearly used by Plaintiffs to prove the hours reasonably spent by the various attorneys on the case.  Additionally, the second factor, novelty and difficulty of the questions, was also used by Plaintiffs to establish the hours reasonably spent by the attorneys, as Plaintiffs argue in their Application that this factor caused them to progress past the summary judgment stage and proceed to a jury trial.  (*See* Pls.' Appl. at 7.)  Whether the fee is fixed or contingent was another factor Plaintiffs used to substantiate their hours reasonably spent on the litigation.  Finally, the amount involved and the results obtained was also used by Plaintiffs to establish the hours reasonably spent, as Plaintiffs discuss this factor in terms of the length of litigating the case, the effort involved, and thus their exceptional results.  (*See id.* at 9.)

The skills required to perform the legal services properly; the customary fee; the experience, reputation, and ability of the attorneys; and awards in similar cases were all factors utilized by the Plaintiffs to substantiate the attorneys' billable hourly rates.  (*See* Pls.' App. at 003-007, Declaration of Julie E. Heath.)

Of the four remaining *Johnson* factors, Plaintiffs indicated in their Application that two

---

whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.  *Johnson,* 488 F.2d at 717-19.

of the factors are insignificant: the preclusion of other employment by the attorneys and the time limitation imposed by the client or the circumstances.  (Pls.' Appl. at 8-9.)  The Court finds that the remaining two factors: the undesirability of the case and the length and nature of the attorney-client relationship are neutral and do not warrant an increase in the lodestar amount. Sound arguments can be made as to both the desirability and the undesirability of this type of case.  Regarding the length and nature of the attorney-client relationship, Plaintiffs conceded that the length was not unusual, but claimed that the nature of the relationship was because Ms. Moore could communicate with the clients in Spanish.  (*Id.* at 9.)  The lack of a language barrier may have been beneficial to Plaintiffs, but is not that unusual in the state of Texas.

Furthermore, the lodestar is presumptively reasonable and should be modified only in exceptional cases.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993), *on remand*, 852 F. Supp. 542 (S.D. Miss. 1994), *aff'd*, 49 F.3d 728 (5th Cir. 1995) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), *on remand*, 976 F.2d 801 (2d Cir. 1991)).  Based on the *Johnson* factors, the Court finds that this is not an exceptional case which would warrant an increase in the lodestar amount.

## **Recommendation**

For the foregoing reasons, the Court recommends that the Application (doc. 131) be **GRANTED,** in part**,** and **DENIED,** in part.  Specifically, this Court recommends that the District Court award Plaintiffs $120,573.00 in attorney's fees[4], $4,119.42 in costs, and $317.32 in additional expenses as allowed under 29 U.S.C. §216(b).

---

[4]   This Court deducted $1,044.00 as unnecessary work from Plaintiffs' supplemented attorney's fees request of $121,617.00.

SO RECOMMENDED, March 19, 2012.


**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**


**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).